# EXHIBIT A

## Gonzalez, Javier

| | |
|---|---|
| **From:** | Christina.Carroll@gtlaw.com |
| **Sent:** | Monday, March 3, 2025 5:06 PM |
| **To:** | Gonzalez, Javier |
| **Cc:** | Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor; McClenathen, Melanie |
| **Subject:** | RE: Basic v. Vega/GMA - Production Deficiencies and Conference |

**Caution:** **External Email.

We have gathered documents from the client that we are reviewing to determine whether any are responsive to your third set of discovery and whether any can address the cost of goods / net profit issue. It will be likely another week to get through the documents. I haven't made sense of the documents just yet to give you details about what RFPs they address, if any, and/or the specific timing on production. I am also working to get you the revision on Interrogatory 3. I know you want it for your case and am working diligently to get it your way.

Will keep you posted if the timing changes.

CMC

**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656 | C +1 214 557 9175 | F +1 214 665 3601
Christina.Carroll@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Tuesday, February 25, 2025 5:45 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** Re: Basic v. Vega/GMA - Production Deficiencies and Conference

Sounds good, what is your ETA on both?

Thanks,
**Javier Gonzalez | Associate**
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Tuesday, February 25, 2025 5:41:36 PM

1

**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com <Matthew.Thomas@gtlaw.com>; Carolyn.Jones@gtlaw.com <Carolyn.Jones@gtlaw.com>; pulecioboekd@gtlaw.com <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

We are gathering documents to review re: the cost of goods and will amend the ROG further on substance.

CMC

**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Tuesday, February 25, 2025 11:43 AM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Christina,

Following up on the supplementation issue as we're one week past the original 10-day deadline. Please also let me know about the cost of goods issue.

Thanks,

**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

---

**From:** Gonzalez, Javier
**Sent:** Thursday, February 20, 2025 10:28 PM
**To:** 'Christina.Carroll@gtlaw.com' <Christina.Carroll@gtlaw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Thanks. Please let me know on the cost of goods issue as well.

2

**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Thursday, February 20, 2025 10:27 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

We will re-review based on the below.

CMC

**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656 | C +1 214 557 9175 | F +1 214 665 3601
Christina.Carroll@gtlaw.com | www.gtlaw.com | View GT Biography

**GT GreenbergTraurig**

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Wednesday, February 19, 2025 5:42 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

We've already addressed this with the Court. We complained of you providing insufficient information responsive to ROG 3, and specifically re-urged our complaint after you first listed documents. You elected to go the Rule 33(d) route. You have a "continuing duty to supplement [your] interrogatory answers as additional information becomes available." *Janvey v. Greenberg Traurig, LLP*, No. 3:12-CV-4641-N-BQ, 2019 WL 13175533, at *6 n.2 (N.D. Tex. Feb. 12, 2019). Your current responses are deficient in that they are incomplete (by not identifying all invoices, if you continue under 33(d)) or in general as the identified documents do not list "all sales" in the regions or the gross revenue for those sales (as a purchase order may not automatically equate to gross revenue given discounts, returns, damaged goods credits, etc.). If you were to, for example, provide a customer list by region, that would be more responsive than pointing to a hodgepodge of invoices, which to date we're still unsure of whether you've provided all responsive invoices.

3

As far as further legal support, *Ferguson v. Sw. Reg'l PCR, LLC*, No. 5:22-CV-182-H, 2023 WL 4938091, at *11 (N.D. Tex. June 22, 2023) required amendment of ROGs utilizing Rule 33(d), yet providing insufficient documentation or information to fully answer the interrogatory, and thus finding the answer evasive and incomplete under Rule 37(a). That is the situation we have here.

We'll presume your position remains the same unless we hear back otherwise.

Thanks,

**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Wednesday, February 19, 2025 5:10 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

To be clear, there's nothing disingenuous about my representations to you. We amended by withdrawing the objections. We are not combing through five years of data to provide the level of detail you wish to have, nor did I or we represent we would. If there's some case law that says we're supposed to respond by identifying *every single document* that would provide you that detail, sure, let me know. Otherwise, you clearly can find the information on your own based on our production, as you note below. Once again, I don't see the *legal* issue, as opposed to preference, but welcome any law in support.

CMC

**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT GreenbergTraurig**

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Wednesday, February 19, 2025 5:04 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Thanks Christina. Respectfully, your position regarding ROG 3 is disingenuous. There was no amendment for ROG 3 providing a "full and complete answer," as requested in our motion. Moreover, our reply, which was filed after you amended ROG 3 the first time to list bates, stated: "Given Defendants have still failed to provide a complete response to Interrogatory No. 3, Plaintiff maintains its request that Defendants provide a response without only referring to produced (or allegedly forthcoming) documents." That, in combination with our original request in the motion, require amendment for a "written response" providing the requested information. Your position becomes even less convincing since the latest amendment served yesterday doesn't even identify invoices that were produced after the first time you listed documents (e.g., the invoices provided yesterday, or invoices provided after your second amendment which lists specific bates, such as DEF0993).

Your position on this is clear and we'll move forward accordingly.

**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Wednesday, February 19, 2025 2:48 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** Re: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

My email to you (that you hadn't complied at all) reflects that I didn't see that you sent amended discovery responses 4 minutes before your deadline. I'll review for completion.

The amended ROG 3 was the withdrawal of the objections. We've identified the documents pursuant to Rule 33. No further amendment is required.

I disagree that the objections at the top of the responses are general, considering they specifically address at least two of your instructions. In fact, those responses give you clarity about how we are proceeding with the answers. If you want them gone, see attached. You have been provided information about how we are responding to your requests. Should there be any question about how we're defining Sales Region, for example, I suggest you refer back to that clarification. We are still only responding to the RFPs for each client independently and not jointly. These RFP responses will not be further amended, absent an actual substantive issue.

There are no documents in 2024 or 2025 as GMA made no transactions beyond 2023.

CMC

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Wednesday, February 19, 2025 8:17 AM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

5

Christina,

In the same breath you complain of "complaints without specificity," yet also generically state we have not complied with all of our requirements. Please state specifically what you contend is deficient or unaddressed as each complained of discovery request was either addressed in our amendment and supplementation yesterday or a previous amendment.

Response to your points in red below:
- Your general objections remain, which were overruled. Your objections to RFPs 7, 8, 19, and 20 regarding "documents in the possession, custody, and/or control of another person" and the request seeking "proprietary and confidential information" still remain. Really, the only non-response should be your sentence regarding your interpretation of the questions. Despite your "blanket statement" characterization otherwise, these specific RFPs were previously identified to you yesterday.

- We requested sales to present and the Court overruled your objections as to timeliness. That is all that is needed to entitle us to that information. And as previously stated, given your sparse production of invoices, sales made in 2024 and 2025 could identify subpoena targets for us for sales throughout the contract term period.

- The motion sought amendment of Rog 3 for a "full and complete answer" and "specifically a written response to Interrogatory No. 3." You even concede this response required amendment below on February 12:

    > Defendants will withdraw objections to Interrogatory No. 3 ==and will provide the amended response as required==. Ten days after the Court's ruling is February 16, which is a Sunday, placing the deadline on February 17, which is a federal holiday. ==We will provide the response on February 18, 2025.==

    Despite this, you did not provide an amended answer.

It should not be this difficult for your side to comply with the Court's order and your discovery obligations generally. Please let me know your position today on these issues.

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Wednesday, February 19, 2025 7:51 AM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

> **Caution:** **External Email.

See below.

**Javier, your "complaints" without specificity are borderline harassing at this point. You have not complied at all with your requirements by yesterday, as you both represented you would and as the Court required.** RFPs 3-5, 12, 24 and ROGs 3-6 are specifically addressed in our ECF 58 MTC. Respond today. If you contend your responses are sufficient or final, please state so.

CMC


**Christina M. Carroll**
Shareholder



Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography


GT GreenbergTraurig

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Wednesday, February 19, 2025 7:28 AM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Christina,

Your reluctance to withdraw your objections on the document (as opposed to via email), which are identified below and have already been overruled, is puzzling and improper.

<span style="color:red">Which objections for which discovery requests? We withdrew a host of objections, so this blanket statement is not accurate nor helpful to actually resolving any complaint you allegedly have.</span>

Additionally, your production yesterday is devoid of any sales for the later part of 2023 and all of 2024-2025. Since GMA didn't up and vanish at the end of 2023, there are clearly responsive documents that either haven't been collected or aren't being produced. Please confirm your stance on production of these documents and whether you contend the Court's order did not overrule your objections.

<span style="color:red">Review again. We have produced 2023 documents. There are not many. My understanding is there are no sales in 2024-25. I will confirm again. Importantly, you have represented in various filings that you're only entitled to commissions through 2023, the natural end of the second agreement. Explain how you would be entitled to any documents in 2024-25 after the contract expired, if any exist?</span>

Finally, despite your acknowledgment below that you'd be complying with the Court ordered amendment of Rog 3 by February 18 (yesterday), you failed to do so. Please explain why you failed to comply and indicate when you intend to comply for conference purposes for a contempt motion.

In your second MTC, you ask for a specific response to the ROG 3 instead of "reference to unproduced documents." We withdrew every single objection to ROG 3. We had already identified specific documents. What's your issue now?

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Tuesday, February 18, 2025 4:12 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

See attached.

CMC

**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT GreenbergTraurig**

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Tuesday, February 18, 2025 3:12 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

RFP 7 and 8 say none after an objection. It is unclear, on the face of the document, whether you are withholding documents or not based on the objection. I know that now in this email you are saying none. You are saying none for RFPs 7 and 8 after objections. Withdraw these objections on the face of the document and then say none and then it'll be clear, and this will be put to bed. This same issue applies for RFPs 7, 8, 12, 19, 20, and 21.

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com



---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Tuesday, February 18, 2025 2:21 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

March 3 is fine.

I don't understand your concerns below. RFP 8 says "none," as in, there are no responsive documents.

RFP 7 says "none." We withdrew the complained-of objections. The ones that remain are really just clarifying how we're defining various terms in responding to your request, that you requested from GMA Trading to produce documents in Vega's possession / custody / control (and vice versa), and that you're seeking proprietary and confidential information. There are no responsive documents, period.

You also mention RFP 7 and 8 as "an example." Please be specific which ones you have issue with *and what specifically* so that we can address it specifically in turn.

CMC


**Christina M. Carroll**
Shareholder


Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography


GT GreenbergTraurig

9

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Tuesday, February 18, 2025 2:14 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Thanks Christina. Will you be amending your responses today to withdraw the objections and maintain the same position? I ask because doing so would remove the need for any clarifying statement regarding whether you were withholding documents subject to, notwithstanding, or any similar verbiage. For example, RFP 7 and 8 do not have a withholding statement, either saying nothing is being withheld or saying subject or notwithstanding etc. Amending and clarifying, now that all your objections have been overruled, would clarify the issue and put these to bed.

We will await to review your production today to see if we feel anything is missing.

How does March 3 sound for exchange of invoices and engagement letter?

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Tuesday, February 18, 2025 11:44 AM
**To:** Gonzalez, Javier <jgonzalez@jw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; pulecioboekd@gtlaw.com
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

Javier, as you will see, we withdrew the objections complained of in your two motions. We also went a step further and expressly indicated that we produced responsive documents and, where you separately raised a specific issue, stated that we were not withholding certain documents as you requested in another other email. Please advise if you believe somehow these responses do not comport with the Court's ruling.

Throughout our amended responses, we took great effort to explain what we were producing "notwithstanding" our objections. Rather than saying we were producing *subject to* our objections, as you've chosen to do in your responses, we stated that despite / regardless of our objections, we were still producing responsive documents. Now that those objections have been overruled and withdrawn, we have reassessed whether any responsive documents exist outside of the bounds of the contractual timeframe and have produced accordingly. You will receive a supplemental production today of documents from the batch I told you we still needed to review. I will do one final sweep to confirm whether there are any other documents to produce concerning the expanded timeframe.

I explain the above to address your confusion in 2(a) below regarding 90% of sales to Fiesta but no responsive documents to RFP 6. Our allegation about the 90/10 split concerned Basic Solutions' sales—90% to Fiesta and 10% to

10

other retailers, not 90% sales by Basic Solutions and 10% sales by our client in the Sales Region as your question contemplates. We have not been withholding documentation of 10% of sales by our client in the Sales Region.

We are prepared to exchange invoices and the engagement letter at the same time as you provide yours. *See* RFP Nos. 28-29. Please confirm on which day this week you'd like to exchange.


CMC


**Christina M. Carroll**
Shareholder


Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography


GT GreenbergTraurig

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Thursday, February 13, 2025 2:30 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

The Court granted ECF 25 "***in its entirety***." At multiple points throughout ECF 25, we requested the objections be overruled. Here are only a few examples of us requesting the objections addressed in the motion be overruled:

> 5. The Court should strike Defendants' boiler-plate objections and require amendment of their boilerplate response within seven days of this Court's order. [referencing all objections addressed in the motion]
>
> 21. Defendants' objections and responses to Plaintiff's discovery requests are unsupported, generalized, and evasive. The Court should compel Defendants to fully respond to Plaintiff's requests, ending Defendants' dilatory tactics.
>
> 22. As the parties objecting to discovery, Defendants bear the burden of supporting their objections with specificity and relevant evidence or testimony. Defendants objections fail to do so and their conclusory objections should be denied.
>
> 25. Defendants' General Objections are nothing more than inapplicable and vague assertions of improper discovery requests. The Court should overrule these objections.

26. Defendants objected to all 5 of Plaintiff's interrogatories and 21 requests for production. Each objection lacks support. Moreover, Defendants should be required to provide substantive answers besides their boilerplate language related to their pending motions.

27. Interrogatory No. 1 seeks identification of individuals who aided in responding to discovery. Plaintiff is not interested in identification of any individuals protected by the attorney client privilege or work product doctrines. Instead, Interrogatory No. 1 seeks identification of all individuals who provided relevant knowledge so Plaintiff may know which individuals may be deposition targets. To the extent this objection is a true objection, the Court should overrule it.

33. Finally, Defendants object to this interrogatory as "overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this litigation[.]" The interrogatory's purpose is to identify individuals relevant to Basic's claims against Defendants. Defendants only provide a conclusory allegation of over breadth, undue burden, irrelevance, and disproportionateness, failing to carry their burden.

35. Defendants object to Interrogatory No. 3 as: (1) compound; (2) requiring a compilation; (3) overly broad and unduly burdensome; and (4) vague as to "sales" and involving employees not named in the lawsuit. In fact, these are the same objections lodged for Interrogatory No. 2. Similar to Interrogatory No. 2, Defendants objections lack merit.

42. . . . Thus, this Court should overrule Defendants' objections

46. The objections raised for RFPs No. 3, 4, 5, and 6 are without merit and should be overruled.

48. . . . . Likewise, the reasons for overruling Defendants' objections to RFPs Nos. 7 and 8 are the same reasons raised by Basic for RFPs Nos. 4 and 6.

52. Defendants objected to RFPs No. 19 and 20 on virtually the same bases that were raised on RFPs No. 4, 6, 7, 8, 9, 11, 12, and 13. Consequently, Basic asserts the same arguments for overruling the objections to RFPs No. 19 and 20 as were raised on RFPs No. 4, 6, 7, 8, 9, 11, 12, and 13

54. . . . Again, Defendants provide neither an explanation nor a showing of these grounds. Thus, this Court should overrule Defendants' objections.

Moreover, the prayer ends with "award Basic all relief it is entitled to, under equity or in law." We both know relief isn't just cabined into what is included in the prayer. *See Armstrong v. Capshaw, Goss & Bowers*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'")) This also logically makes sense given that there'd be no point in arguing the merits of each of your objections if we didn't want them stricken.

Let me know if you'll reconsider your position or if you still disagree.

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Thursday, February 13, 2025 2:01 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>; pulecioboekd@gtlaw.com
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie

<mmcclenathen@jw.com>
**Subject:** Re: Basic v. Vega/GMA - Production Deficiencies and Conference

**Caution:** **External Email.

I'll get to your several points later. However, where did the court overrule objections relating to your ECF 25 MTC? I see where you argued about objections, but you didn't request that relief in your prayer. The only relief you requested (and that the court granted in its latest ruling) was to "deny Defendants' Motion [to Stay Discovery], require supplementation and production within five days."

CMC

---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Thursday, February 13, 2025 1:22 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

Hi Christina,

Sorry to hear about the funeral. Below are my responses.

1. While the motion to compel [ECF 25] complained of your improper delay in responding, it also addressed the merits of your objections. These same objections were "expanded" according to you in your latest responses and based on our previous conferences. Because the Court overruled these base objections, it also overruled your expanded versions.

    As for the interrogatories, I believe the only one that is left to amend is Rog 3, which is subject to motion to compel [ECF 52]. Since you're not withholding information for the others, it appears they do not require supplementation except for withdrawing your objections, to the extent you do so for clarity when amending Rog 3.

2. However, this is not the same story when it comes to the RFPs. While it appears a majority of the documents may have been produced, several responses are limited in time and scope, which the Court has overruled. Here is a breakdown:

    1. RFP 6 – it is unclear whether you were withholding any documents based on your incorporated objections. It also is contradictory since you claim "90% of sales were made to Fiesta," leaving 10% of sales which presumably were not procured by Basic, yet you claim none. Please clarify now that objections were overruled whether any documents will be supplemented. If the answer remains none, then so be it, but there is not statement regarding withholding due to objections.
    2. RFP 7 – same basis as there is no non-withholding statement.
    3. RFP 8 – this rfp has no answer at all, and merely an objection. To the extent the answer is also none, there is similarly no non-withholding statement making this response clear.
    4. RFP 9 – same basis as there is no non-withholding statement.
    5. RFP 10 - same basis as there is no non-withholding statement.

6. RFP 12 - same basis as there is no non-withholding statement.
7. RFP 13 - same basis as there is no non-withholding statement.

Additionally, for this second batch of requests requesting sales from August 20, 2021 through present, your response limits production from August 20, 2021 through August 20, 2023 and excludes certain customers. Because the Court has overruled all of your objections, you're required to provide all sales through *present*. Any prior conference between us to avoid motion practice does not trump the Court's overruling of your objections and we have not modified the language of these requests. These documents would also be relevant for subpoena purposes, rather than taking your client's word that no sales existed or that relationships weren't as a result of my client's services, going against your claims and defenses.

1. RFP 15 - same basis as there is no non-withholding statement, limited time frame/scope overruled
2. RFP 16 - same basis as there is no non-withholding statement, limited time frame/scope overruled
3. RFP 17 - same basis as there is no non-withholding statement, limited time frame/scope overruled
4. RFP 18 - same basis as there is no non-withholding statement, limited time frame/scope overruled
5. RFP 19 - same basis as there is no non-withholding statement
6. RFP 20 - same basis as there is no non-withholding statement and there is no response
7. RFP 21 - same basis as there is no non-withholding statement

While I understand your correspondence here indicating no responsive documents are being withheld, I'd prefer you'd say as such in your responses, which are subject to greater scrutiny under Rule 11 than email communications.

**For clarity, we disagree with your interpretation of the Court's granting of ECF 25 and your required actions, specifically where it relates to the RFPs. We will address any deficiency with ROG 3 after your supplement on February 18, but expect amendment/supplementation regarding the above, which are already late.**

3. We will await your February 18 amendment for ROG 3.
4. These amendments would coincide with the deficiencies identified above.

**We'll await your supplementation curing the issues above and complying with the Court's order before "moving on from the discovery phase." Moreover, we fully anticipate additional discovery issues in your responses to our latest set of discovery, so we'll have to address those too.**

**While I anticipate your additional production will include the exchanges with outside counsel, engagement letter, and invoices, please confirm as such.**

I'll take the "Nestle" issue as cost of goods sold issue. **Please either supplement or let me know by the 18th so any motion practice can be one motion as opposed to various.**

Finally, we will likewise comply with the Court's order by February 18, given the same 10-day deadline.

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

**From:** Christina.Carroll@gtlaw.com <Christina.Carroll@gtlaw.com>
**Sent:** Wednesday, February 12, 2025 6:17 PM
**To:** Gonzalez, Javier <jgonzalez@jw.com>; pulecioboekd@gtlaw.com
**Cc:** Matthew.Thomas@gtlaw.com; Carolyn.Jones@gtlaw.com; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** RE: Basic v. Vega/GMA - Production Deficiencies and Conference

> **Caution:** **External Email.

Javier, I address your two emails in one for convenience. I was at a funeral yesterday. Nevertheless, I believe our current discovery responses fully comply with the Court's ruling and your requested relief in your original motion to compel, which was mooted several times over by our several amendments.

1. The Court granted your motion to compel [ECF 25], wherein you requested that the Court "deny Defendants' Motion [to Stay Discovery], require supplementation and production within five days…" Your original motion was in response to answers that Defendants would respond "if needed following the Court's resolution of Defendant's concurrently-filed Motion to Stay Discovery Pending Determination of its Motion to Dismiss." After the Court denied the motion to dismiss, we amended the interrogatory responses *several* times – the latest being GMA's Third Amended Objections and Responses (attached) and Gonzalez-Vega's Amended Objections and Responses (attached) – to address your complaints about answering said interrogatories. Your original motion does not address Defendants' latest responses, which we served to fully respond to your interrogatories.

   Based on a review of your original motion to compel, the complaints therein, and the requested relief, it does not appear any further action is required to comply with the Court's order granting ECF 25 because Defendants have responded fully to the interrogatories as requested in your prayer for relief.

2. Similarly, you filed your motion to compel [ECF 25] to address RFP responses noting that Defendants would respond, "if needed following the Court's resolution of Defendant's concurrently-filed Motion to Stay Discovery Pending Determination of its Motion to Dismiss." After the Court denied the motion to dismiss, we amended the RFP responses, also *several* times – the latest being GMA's Third Amended Objections and Responses (attached) and Gonzalez-Vega's Second Amended Objections and Responses (attached) – and made several productions to address your complaints about answering the RFPs. Your original motion does not address Defendants' latest responses or productions, which we made to fully respond to your RFPs.

   Based on a review of your original motion to compel, the complaints therein, and the requested relief, it does not appear any further action is required to comply with the Court's order granting ECF 25 because Defendants have responded fully to the RFPs and made several productions as requested in your prayer for relief.

**Please advise if you take issue with this reading of the ruling and your requested relief.**

3. The Court granted your motion to compel [ECF 52], wherein you requested that the Court overrule Defendants' objections to Interrogatory No. 3 and provide "full and complete answers" responsive thereto.

15

>    Defendants will withdraw objections to Interrogatory No. 3 and will provide the amended response as required. Ten days after the Court's ruling is February 16, which is a Sunday, placing the deadline on February 17, which is a federal holiday. We will provide the response on February 18, 2025.
>
> 4. Similarly, the Court granted your motion to compel [ECF 52], wherein you also requested that the Court overrule Defendants' objections to RFP Nos. 1, 3-6, 15-18 and "provide full and complete production of documents responsive" thereto. NOTE that the body of your actual motion to does not contain any reference to RFP No. 1, which appears to be an error in the prayer for relief.
>
>    Defendants will withdraw the objections to RFP Nos. 3-6, 15-18 and will provide the amended responses as required on February 18, 2025. However, Defendants already stated in their latest RFP responses, which were served *after* your motion (such that your motion doesn't actually address our latest responses or production(s)), that they produced responsive documents.

In terms of documents, we have one additional batch of documents to review for responsiveness. Otherwise, we have produced what we have in our possession that is responsive. As we repeatedly stated in the latest amended responses—all of which have been amended after your most recent motion to compel, such that your motion does not actually address our latest responses—we are not withholding documents based on the objections for the RFPs in question (which will be withdrawn at this point, anyway). **Both to comply with the Court's order and to complete this discovery phase and move on with the merits of this case, please advise after you have an opportunity to review those documents what problems you still find with our production, if any**.

To head off issues concerning the monthly statements again, we state the following: we have provided what we have and what was exchanged with your father in the course of his business transactions with my client. Anything further that you wish existed or think should have existed may simply not exist if it is not already in our previous productions or in the production you will receive next week, if any. At this point, any such "deficiency" with the *existence* of documents should be pursued in the merits rather than discovery where no such documents exist. In the event we find, after review, that there are no additional responsive documents in that batch, we will state so specifically.

Concerning the non-party subpoenas, we have not received any additional production. Jake's Finer Foods was acquired; no documents were produced on January 20, 2025, as required by the subpoena. We will supplement production of the exchanges with outside counsel. We will produce redacted engagement agreement and invoices.

I will huddle internally about the Nestle issue.

Should it need to be said, please comply with your obligations, many of which mirror the above.

CMC


**Christina M. Carroll**
Shareholder

Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200 | Dallas, TX 75201
T +1 214.665.3656  |  C +1 214 557 9175  |  F +1 214 665 3601
Christina.Carroll@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** Gonzalez, Javier <jgonzalez@jw.com>
**Sent:** Wednesday, February 12, 2025 3:03 PM
**To:** Carroll, Christina M. (Shld-DAL-LT) <Christina.Carroll@gtlaw.com>; Pulecio-Boek, Daniel (Shld-DC-LT) <pulecioboekd@gtlaw.com>
**Cc:** Thomas, Matthew (Assoc-DAL-LT) <Matthew.Thomas@gtlaw.com>; Jones, Carolyn (Para-DAL-LT) <Carolyn.Jones@gtlaw.com>; Leger, Taylor <tleger@jw.com>; McClenathen, Melanie <mmcclenathen@jw.com>
**Subject:** Basic v. Vega/GMA - Production Deficiencies and Conference

**\*EXTERNAL TO GT\***

Christina/Daniel,

After reviewing your production, we've identified the following deficiencies:

1. DEF003031 indicates Christina correspondence with counsel with Chedraui and Fiesta Mart on November 19, 2024 and later on provided search terms. Search terms are also referenced in Christina's December 13, 2024 email at DEF003005. To date, you have not produced these correspondences referenced.

    1. Also, given a month has passed since the latest communication, I also presume there's been some progress as to production. Please let me know status on your supplementation of any production Chedraui or Fiesta Mart has done.

2. DEF002970 indicated Jake's Finer Foods was going to produce documents by January 20. To date, no documents have been produced, despite this deadline passing. Please advise whether this deadline was extended or if documents were produced.

3. It's my understanding additional correspondence has occurred between your team (presumably Daniel) and Jost Lunstroth, counsel for Dulce de Leche. However, there has only been one .msg or communication provided.

4. You previously indicated you would be supplementing your engagement letter and attorney invoices.

Please provide supplement these documents (which would all be in your direct control as your side's communications) by end of day Friday. If for some reason you need additional time, please let me know.

On another note, we had previously conferred on you providing documents evidence cost of goods sold and/or a complete response to the corresponding interrogatory. Given the Court's recent direction involving discovery disputes, we'd like to revisit your supplementation of this clearly responsive information. Please let me know by end of day Friday if you're willing to amend/supplement or if your previous position stands, necessitating Court intervention.

Thanks,
**Javier Gonzalez |** Associate
1401 McKinney, Suite 1900 | Houston, TX 77010
V: (713) 752-4453 | jgonzalez@jw.com

**Jackson Walker LLP**

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.